IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMBREE O. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-CV-46-WKW |
| ) | [WO] |
| AMERICO DELEON, CARLOS ) | |
| ROEL GONZALEZ, JR., and J & A ) | |
| TRUCKING LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's motion to remand this action back to the Circuit Court of Lowndes County, Alabama. (Doc. # 10.) Defendants filed a response in opposition (Doc. # 14) to which Plaintiff filed a reply (Doc. # 16). Based upon careful consideration of the arguments of counsel in light of the applicable law, the motion to remand is due to be granted.

## I. STANDARD OF REVIEW

On a motion to remand, the removing party bears the burden of proving that removal jurisdiction is proper. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Congress has empowered federal courts to hear cases removed by

a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally.  *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal courts properly exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

## II.  BACKGROUND

On December 27, 2018, a tractor-trailer, driven by Defendant Americo Deleon in the scope of his employment for Defendant J & A Trucking, LLC, struck Plaintiff's vehicle on Interstate 65, "causing [her] car to leave its lane of travel and crash into the cable barrier in the median of" Interstate 65.  (Compl. ¶ 7.)  Plaintiff alleges that she suffered "bruises, contusions, sprains, strains, physical pain and mental anguish and other harms and losses" and that she will continue to suffer harm from this accident in the future.  (*See* Compl. ¶ 17.)  Seeking unspecified compensatory and punitive damages, Plaintiff brings claims against Defendants under theories of negligence, wantonness, and respondeat superior.  (Compl. ¶¶ 15–30.)

Defendants timely removed this action, alleging that removal jurisdiction is proper on the basis of diversity jurisdiction.  *See* §§ 1332(a), 1441(a).  Moving to remand, counsel for Plaintiff represents that Plaintiff "will not seek or accept any

amount in excess of $75,000" and that she "will accept $50,000 in full settlement of her claims." (Doc. # 10, at 2.)

### III. DISCUSSION

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Removal is proper if the requisite amount in controversy is "facially apparent from the complaint." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The issue is whether Defendants have demonstrated that the amount in controversy is satisfied. They have not.

The amount in controversy is not facially apparent from the complaint. Plaintiff alleges myriad injuries as a result of the collision, but she does not specify the nature of these injuries, and the allegation of future harm is vague. On this set of facts, the unadorned allegations are inadequate for determining whether Plaintiff's injuries are serious enough to place the amount in controversy above $75,000. Additionally, the request for punitive damages is not tethered to non-conclusory allegations of wanton behavior. (*See, e.g.*, Doc. # 1-1, at 4 (Mr. Deleon "wantonly operated the tractor trailer causing it to strike the car being driven by the Plaintiff.").) Hence, an estimate of the value of Plaintiff's punitive damages request requires guesswork.

Significantly, whatever arguments the complaint's allegations might have offered to justify a federal court's jurisdictional threshold are extinguished by counsel for Plaintiff's post-removal stipulation that his client "will not seek or accept any amount in excess of $75,000." (Doc. # 10, at 2; *see also* Doc. # 10, at 2 (further representing that Plaintiff "will accept $50,000 in full settlement of her claims").) Counsel for Plaintiff's post-removal stipulation clarifies any ambiguity as to the monetary value of the lawsuit at the time of removal. *See Pretka*, 608 F.3d at 773 (reaffirming the holding that a court may consider post-removal evidence if it is relevant to the amount in controversy "at the time of the removal") (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

While Defendants focus on counsel for Plaintiff's refusal to memorialize the stipulation in an affidavit, the Eleventh Circuit has instructed that a representation of an attorney, as an officer of the court, is entitled to "great deference" and a presumption of truth. *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (giving deference to a representation by the plaintiff's counsel that his client did not seek and would not accept damages exceeding the jurisdictional minimum) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)); *see also Scottsdale Ins. Co. v. Calhoun Hunting Club & Lounge*, 360 F. Supp. 3d 1262, 1268–69 (M.D. Ala. 2018) (crediting counsel for plaintiff's

4

stipulation as to damages in finding that § 1332(a)'s jurisdictional threshold was lacking).

Moreover, counsel for Plaintiff fully recognizes the effect and consequences of the stipulation he makes on behalf of his client. (*See* Doc. # 16, at 2 ("Jones's counsel, on her behalf and with her full knowledge and consent, has represented to this court that she will not seek or accept more than $75,000 in her state court case. By doing so, she is now estopped in the state court case from seeking or accepting more than $75,000.").) The stipulation, which is honored, solidifies that Defendants cannot sustain their removal burden.

## IV. CONCLUSION

Based on the foregoing, Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, it is ORDERED as follows:

(1)   Plaintiff's motion to remand (Doc. # 10) is GRANTED;

(2)   This action is REMANDED to the Circuit Court of Lowndes County, Alabama; and

(3) The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand.

DONE this 23rd day of March, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE